## THE WATUPPA.

District Court, S. D. New York.
March 17, 1937.

Lamar Hardy, U. S. Atty., of New York City (John W. Knox, Asst. U. S. Atty., of New York City, of counsel), for libelant.

Lynch, Hagen & Atkins, of New York City, for Dumper E–8.

Purdy, Mason & Lamb, of New York City, for steamtug Watuppa.

HULBERT, District Judge.

Proctors for the Dumper E–8 of which Joseph McSpirit & Son, Inc., is the owner, apply for an order fixing the amount of the penalty to be assessed under an act of the Congress approved June 29, 1888, chap. 496, § 1, 25 Stat. 209 (33 U.S.C.A. § 441), which prohibits the deposit of refuse in New York Harbor and adjacent waters.

The government has two remedies:

(a) By information in a criminal proceeding against the owner, and

(b) By libel in rem against the vessel.

It has chosen the latter.

When process issues and the seizure is made by the marshal the practice is for the owner of the vessel to file a claim thereto, a stipulation for costs, and a stipulation for value, which in this case would be a bond for $2,500, and upon the joinder of issue the case is placed on the calendar for trial.

Process upon the libel herein has not yet issued. The owner, who is considered by the court to be of suitable financial responsibility, has consented, in writing, to file its claim and appropriate stipulations immediately upon the determination of this application, if decided adversely to it. Meanwhile, it seeks to avoid that and all other expenses incidental to a trial because it is not proposed to contest the facts which are set forth in detail in an affidavit, verified by J. Raymond McSpirit, president of the claimant and owner of the Dumper E–8, and not disputed by the government.

It appears that on or about January 8, 1937, with her 6 pockets loaded with material dredged from Wallabout Canal, the Dumper E–8 was being towed to sea by the steamtug Watuppa when, shortly before 11:45 a. m., the captain of the scow, being then within his cabin, felt the scow lurch and heard the sound as if the chains of one of the pockets had unwound. The tow was then about one mile from the designated dumping grounds. Going on deck, the captain of the scow discovered that the bow pocket of the E–8 had dumped the material which had been loaded into it. Further investigation disclosed that the paul which holds the pocket in place had become released, probably due to the working of the scow in the seas. After properly disposing of the contents of the remaining 5 pockets, the scow was cleared at 12:40 p. m. The paul which had become released as aforesaid, upon examination, was found to be in good condition and the scow continued in service without change in equipment and with satisfactory results.

The scow is liable. U. S. v. Various Tugs and Scows (D.C.) 225 F. 505; The Columbia (C.C.A.) 255 F. 515. The owner concedes it. A tug which had no further connection with a violation than that of towing the offending scow is not liable. The J. Rich Steers (C.C.A.) 228 F. 319.

Counsel for the government frankly admits that libelant is in possession of no evidence which would attach any liability to the tug or her owner or tends to show willful conduct or negligence directly attributable to the Dumper E–8 or her owner.

Upon the foregoing facts it would be sheer waste of time and expense to follow the established procedure. It is not intended, however, to establish a precedent by the disposition to be made of this application; every case depends upon its own facts.

The penalty provided is a fine of not less than $250, and not more than $2,500, as may be fixed by the court. It is believed the ends of justice will be attained by the imposition of the minimum fine in this case to be paid forthwith. Submit order.